IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MELANIE A. KLINGENSMITH and BILLIE LEE SONTAG, individually and on behalf of all others similarly situated,<br><br>        Plaintiffs,<br><br>    v.<br><br>BP PRODUCTS NORTH AMERICA, INC., and DOES 1 through 10, inclusive,<br><br>        Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)  Civil Action No. 07-1065<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

MEMORANDUM and ORDER

Gary L. Lancaster,
District Judge.                                  September 23 2008

     This is an action alleging violations of the Fair and Accurate Credit Transactions Act, 15 U.S.C. § 1681 et seq., ("FACTA"). Plaintiffs, Melanie A. Klingensmith and Billie Lee Sonntag, allege on behalf of themselves and all others similarly situated that defendants, BP Products North America, Inc. (hereinafter "BPNA"), and Does 1 through 10, inclusive, violated the requirements of FACTA, 15 U.S.C. § 1681(g)(1). Before the court is plaintiffs' Uncontested Motion for Preliminary Approval of Class Action Settlement [Doc. No. 24].

     For the reasons set forth below, the motion will be granted.

## I.    BACKGROUND

Plaintiffs allege, on behalf of themselves and all others similarly situated, that defendants violated FACTA. Plaintiffs specifically allege that defendants unlawfully printed more than the last five (5) digits and/or the expiration dates of customer credit and debit cards on electronic receipts provided to the customers at the point of sale in violation of 15 U.S.C. § 1681(g)(1).

On July 19, 2007, plaintiff Billie Lee Sonntag filed an action in the United States District Court for the Eastern District of Pennsylvania alleging that BP Amoco Corp. violated FACTA.  Thereafter, plaintiff Sonntag filed an amended complaint and named BPNA as defendant.  Plaintiff Melanie A. Klingensmith filed this action against BPNA in this court.  The case was designated for the Alternative Dispute Resolution("ADR") program. The parties selected James H. McConomy as mediator.

On March 25, 2008, the parties, including plaintiff Sonntag, engaged in a full day mediation session with Mr. McConomy.  Although this session did not result in an agreement, the parties continued settlement negotiations.  On May 23, 2008, plaintiff Sonntag dismissed her action and filed an amended complaint in this action, adding her as an additional representative plaintiff.  On July 22, 2008, the parties executed a Class Action Settlement Agreement.

The parties have agreed to certification, for settlement purposes only, of a class defined as:

> all persons who received electronically printed receipts from certain specified BP branded Service Stations at the point of sale or transaction, in a transaction occurring between December 4, 2006 and September 30, 2007, wherein the receipt displayed (1) more than the last five digits of the person's credit card or debit card number, and/or (2) the expiration date of the person's credit card or debit card number.

BPNA denies that it owned the service stations in question. Defendant contends, therefore, that it is not a proper defendant in this action. BPNA further maintains that any violation of FACTA was not willful. BPNA has agreed, however, to settle these claims. During the period at issue, approximately 105,000 customers were given receipts that included either more than the last five (5) digits and/or expiration date of their credit or debit card. The parties agree that neither plaintiff, nor any member of the putative class, has suffered any actual monetary injury as a result of BPNA's alleged violation of FACTA.

The settlement agreement provides that BPNA will offer participating class members who submit one or more debit or credit card receipts issued during the class period which display either more than the last five (5) digits and/or expiration date of their credit or debit card $25.00 for each receipt. The maximum relief is $100.00 per claimant. BPNA will offer participating claimants who do not submit a receipt $5.00. BNA

3

has further agreed to donate $5,000.00 to a charity or charities it selects. BPNA has also agreed to pay Class Counsel attorneys fees and costs not to exceed $175,000.00. In addition, BPNA will pay plaintiffs Melanie A. Klingensmith and Billie Lee Sonntag $2,500.00 each for their service as class representatives.

II.    STANDARD OF REVIEW

It is plaintiff's burden to prove that this action satisfies all the requirements of Rule 23(a) and at least one of the requirements of Rule 23(b). <u>Johnston v. HBO Film Mgmt., Inc.</u>, 265 F.3d 178, 183-84 (3d Cir. 2001). Rule 23(a) provides that a class may only be certified if: (1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class. Fed.R.Civ.P. 23(a).

Here, plaintiffs seek certification under Rule 23(b)(3). Rule 23(b)(3) provides that certification is proper if the court finds that "questions of law or fact common to the members of the class predominate over any questions affecting individual class members, and that a class action is superior to other available

4

methods for fair and efficient adjudication of the controversy."
Fed.R.Civ.P. 23(b)(3).

Although a class certification decision requires a thorough examination of the factual and legal allegations, "[i]n determining the propriety of a class action, the question is not whether the plaintiff or plaintiffs have stated a cause of action or will prevail on the merits, but rather whether the requirements of Rule 23 are met." Eisen v. Carlisle & Jacqueline, 417 U.S. 156, 178 (1974).

In the context of settlement-only class certification, the Supreme Court has noted that "a district court need not inquire whether the case, if tried, would present intractable management problems..." Amchem Prods. Inc. v. Windsor, 521 U.S. 591, 620 (1997). The court of appeals has stressed, however, that "regardless of whether a district court certifies a class for trial or for settlement, it must first find that the class satisfies all the requirements of Rule 23." In re Community Bank of Northern Virginia, 418 F.3d 277, 300 (3d Cir. 2005). The court of appeals directed that "[i]n making this analysis, the district court may take the terms of the proposed settlement into consideration...[t]he central inquiry, however, is adequacy of representation." Id.

III.   DISCUSSION

   A. Rule 23(a)

      The court of appeals has noted that "Rule 23 is designed to assure that courts will identify the common interests of class members and evaluate the named plaintiffs' and counsel's ability to fairly and adequately protect class interests." In re Community Bank of Northern Virginia, 48 F.3d at 302.   In order for a class to be certifiable under Rule 23(a), it must meet four requirements: (1) numerosity; (2) commonality; (3) typicality; and (4) adequacy of representation. Id. If the court finds that the proposed class satisfies the four requirements of Rule 23(a), the court must determine whether the class fits within one of the categories set forth in Rule 23(b). Id. Here, the parties seek certification pursuant to Rule 23(b)(3). Rule 23(b)(3) requires the court to examine whether common questions of law or fact predominate and whether "the class action mechanism is the superior method for adjudicating the case." Id.

   1. Numerosity

      Plaintiffs have estimated that approximately 105,000 of defendants' customers received a receipt which violated FACTA. Accordingly, the  numerosity requirement of Rule 23(a)(1) has been satisfied. See Id. at 303 (holding that putative class of 44,000 was sufficiently numerous).

### 2. Commonality and Typicality

As the court of appeals has opined "[t]he concepts of commonality and typicality are broadly defined and tend to merge." <u>Id</u>. Further, "[c]ases challenging the same unlawful conduct which affects both the named plaintiffs and the putative class usually satisfy the typicality requirement irrespective of the varying fact patterns underlying the individual claims." <u>Id</u>.(citation and internal quotation omitted). Here, plaintiffs claims that they, and the class members, received a receipt which unlawfully contained more than the last five (5) digits and/or their credit or debit card expiration date. This is sufficient to establish commonality and typicality.

### 3. Adequacy

The court of appeals has held that the Rule 23(a)(4) requirement of adequacy of representation actually encompasses two distinct inquiries designed to protect the interests of absent class members. <u>Id</u>. at 303. Specifically, "it considers whether the named plaintiffs' interests are sufficiently aligned with the absentees', and it tests the qualifications of the counsel to represent the class." <u>Id</u>. (citation and internal quotations omitted). As noted above, plaintiffs' claims are typical of the class and there is no apparent conflict of interest. Further, plaintiff's counsel are well known to the court as experienced and zealous consumer class action advocates.

Accordingly, the court finds that the adequacy of representation requirement of Rule 23(a)(4) has been met.

B.  Rule 23(b)(3)

As set forth above, the parties seek certification pursuant to Rule 23(b)(3).  Rule 23(b)(3) requires the court to examine whether common questions of law or fact predominate and whether "the class action mechanism is the superior method for adjudicating the case."  Id.

1.  Predominance

"The predominance inquiry tests whether the proposed class is sufficiently cohesive to warrant adjudication by representation."  Id. at 308-09.  Moreover, "[a] proper predominance inquiry 'trains on the legal or factual questions that qualify each member's case as a genuine controversy, questions that preexist any settlement.'"  Id. at 309 (quoting Amchem, 521 U.S. at 623.)  Thus, "[i]n this vein, a predominance analysis is similar to the requirement of Rule 23(a)(3) that claims or defenses of the named representatives must be typical of claims or defenses of the class."  Id. (quoting Amchem, 521 U.S. at 623 n. 18).  As noted above, the claims all arise from the same factual predicate.  Thus, the court finds that the Rule 23(b)(3) requirement that "questions of law or fact common to the members of the class predominate over any questions involving

8

individual class members" has been satisfied.     Fed.R.Civ.P.
23(b)(3).

    2.  <u>Superiority</u>

    The  superiority  inquiry  requires  this  court  to
"balance, in terms of fairness and efficiency, the merits of a
class  action  against  those  of  alternative  methods  of
adjudication."    <u>In re Community Bank of Northern Virginia</u>, 418
F.3d  at  309.    (citations  and  internal  quotations  omitted).
Although FACTA is a relatively recent statute, the veritable
onslaught of class action litigation brought pursuant to the
statute has given rise to a line of cases in the United States
District  Court  for  the  Central  District  of  California  holding
that FACTA class actions do not satisfy the superiority prong of
Rule 23(b)(3) because they would expose the defendant to ruinous
damages  in  violation  of  the  due  process  clause  of  the  Fifth
Amendment to the United States Constitution.  <u>See</u> <u>e.g.</u>, <u>Najarian</u>
<u>v. Charlotte Russe, Inc.</u>, Civil Action No. 07-501(C.D. Cal. June
12, 2007)(Klausner, J.); <u>Soulian v. Int'l Coffee and Tea L.L.C.</u>,
Civil Action No. 07-502 (C.D. Cal. June 12, 2007)(Klausner, J.).

    The cases from the United States District Court for the
Central District of California are well reasoned and persuasive.
They  are,  however,  distinguishable  from  this  case.    Here,
plaintiffs seek preliminary approval of a negotiated settlement.
To that extent, the potential damages are not only ascertainable,

9

they are effectively capped. The theoretical exposure of defendant, to which it has agreed, is the number of potential claimants, 105,000, multiplied by the likely maximum value of the settlement relief options, $5.00, for a total of $525,000.00. Thus, even if every potential claimant chose the most expensive form of relief, defendant's maximum exposure is far from ruinous.[1]

Further, in a case brought pursuant to the Fair Credit Report Act, 15 U.S.C. § 1681 et seq., to which FACT is an amendment, the United States Court of Appeals for the Seventh Circuit, noted that "[a]n award that would be unconstitutionally excessive may be reduced...but constitutional limits are best applied after a class has been certified." Murray v. GMAC Mortgage Corp., 434 F.3d 948, 954 (7th Cir. 2006). The court observed that "[r]educing recoveries by forcing everyone to litigate independently - so that constitutional bounds are not tested, because the statute cannot be enforced by more than a handful of victims - has little to recommend it." Id.

---

[1]     This calculation assumes the lower settlement amount accorded to participating claimants who do not submit a receipt. As class counsel conceded at oral argument, it is unlikely that many participating claimants will have retained a receipt from a credit card transaction which occurred so long ago. Even if each claimant received the maximum payment, $100.00, BNA's total exposure would be capped at $10,500,000.00.

Accordingly, this court finds that "the class action mechanism is the superior method for adjudicating the case," and the Rule 23(b)(3) superiority requirement has been met.

### C. The Proposed Settlement

Rule 23(e)(1)(A) provides that "[a] class action shall not be dismissed or compromised without approval of the court..." Final approval of a class action settlement requires a finding that the settlement is "fair, reasonable and adequate." Fed.R.Civ.P. 23(e)(1)(c). At this juncture, however, the court must only make "a preliminary determination on the fairness, reasonableness, and adequacy of the settlement terms and must direct the preparation of notice of the certification, proposed settlement, and date of the final fairness hearing." Manual for Complex Litigation (Fourth), § 21.632 (2004). Accordingly, the question is not whether the settlement merits final approval. Rather, the only question before the court is whether the settlement "discloses grounds to doubt its fairness or other obvious deficiencies such as unduly preferential treatment of class representatives or segments of the class, or excessive compensation of attorneys, and whether it appears to fall within the range of possible approval." Mehling v. New York Life Ins. Co., 246 F.R.D. 467, 472 (E.D. Pa. Oct. 24, 2007).

Plaintiffs submit that this settlement meets the requirements for preliminary approval because it is "the product

11

of arm's-length negotiation by experienced counsel who are fully familiar with all aspects of class action litigation." Memorandum in Support of Uncontested Motion for Preliminary Approval of Class Action Settlement, [Doc. No. 24], at p. 6 (citing In re General Motors Pick-Up Truck Fuel Tank Prod. Liability Litigation, ("GM Trucks") 55 F.3d 768, 785 (3d Cir. 1995)). Plaintiffs further submit that the settlement is within the range of possible approval in light of the absence of actual monetary injury to the class members and the substantial risks of continued litigation.

The court finds that the settlement merits preliminary approval. The court concludes that the settlement was reached as a result of arm's-length negotiation between experienced counsel aided by an experienced mediator. The relief appears well suited to the FACTA violations alleged, especially in light of the lack of actual damages. Therefore, the court will preliminarily approve the settlement.

D. The Proposed Notice

The parties propose publication notice to inform the class of the certification of the class and preliminary approval of the proposed settlement. The parties submit that individual notice to the class members by direct mail is impossible for two reasons. First, the parties argue that there is no single repository of the names and addresses of each potential class

12

member. Rather, these names and addresses are in the custody of the individual banks which issued credit and/or debit cards to the potential class members. The parties note that it is unlikely, if not impossible, to obtain this information in the absence of a court order. In addition, the parties submit that direct mail notice would be prohibitively costly. Thus, the parties propose publishing the notice one (1) time in the following newspapers: Philadelphia Inquirer; Pittsburgh Post-Gazette; Pittsburgh Courier; Harrisburg, The Guide; Philadelphia Daily News; Allentown Morning Call; Harrisburg Patriot News; Scranton Tribune Times Citizens Voice; Pittsburgh Tribune Review; Reading Eagle; Erie Times-News; Doylestown Intelligencer; Charleston Gazette Daily Mail; Johnstown Tribune Democrat; Wilkes Barre Times Leader; Beaver County Times; Washington Observer Reporter; Butler Eagle; Sunbury Daily Item; Pottstown Mercury; Tri-County Record; Morgantown Dominion Post; Hazelton Standard Speaker; Lebanon Daily News; Stroudsburg Pocono Record; Chambersburg Public Opinion; Wayne Suburban Advertiser; Lansdale Reporter; Daily Athenaeum; McKeesport Daily News; Somerset Daily American; Elkins Inter Mountain; Bradford Era; Quakertown Free Press; and the Northeast PA Business Journal. The proposed notice is attached to the parties Uncontested Motion for Preliminary Approval of Class Action Settlement [Doc. No. 24] at Exhibit B2. The parties have also agreed that Defendants will

post the notice in the sixty-six (66) BP branded Service Stations at issue. The proposed notice to be posted is attached to the parties Uncontested Motion for Preliminary Approval of Class Action Settlement [Doc. No. 24] at Exhibit B3. Further, defendants will create a webpage that contains that full notice and which will allow electronic submission of claim forms. The proposed webpage notice is attached to the parties Uncontested Motion for Preliminary Approval of Class Action Settlement [Doc. No. 24] at Exhibit B1.

Rule 23(e)(1)provides that this court "must direct notice in a reasonable manner to all class members who would be bound by the proposal." Fed.R.Civ.P. 23(e)(1)(B). Notice of provisional certification of a class action and preliminary approval of a settlement may be combined but must satisfy Rule 23(c)(2). Fry v. Hayt, 198 F.R.D. 461, 474 (E.D. Pa. 2000). Rule 23(c)(2) requires that, in a class certified pursuant to Rule 23(b)(3), "the best notice that is practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort," must be provided. Fed.R.Civ.P. 23(c)(2). The notice must inform the class members of the pendency of the action, their right to opt-out, the effect of their failure to do so and their right to appear through counsel. Id.

Here, the court finds that the proposed notice complies with Rule 23(c)(2) and Rule 23(e).

E. Appointment of Class Counsel

Pursuant to Rule 23(g)(1), "a court that certifies a class must appoint class counsel." Fed.R.Civ.P. 23(g)(1). In appointing class counsel, the court must consider: (1) the work counsel has done in identifying or investigating the potential claims; (2) counsel's experience in handling class actions, other complex litigation, and claims of the type asserted in the action; (3) counsel's knowledge of the applicable law; and (4) resources counsel will commit to representing the class. Fed.R.Civ.P. 23(g)(1)(A).

The court finds that Carlson Lynch LTD, R. Bruce Carlson and Gary F. Lynch are qualified to "fairly and adequately represent the interests of the class" as required by Rule 23(g)(1)(B). The biographies counsel have submitted detailing their experience handling consumer class actions are impressive. Accordingly, the court will appoint Carlson Lynch LTD, R. Bruce Carlson and Gary F. Lynch class counsel.

## IV. CONCLUSION

For the reasons set forth above, the Uncontested Motion for Preliminary Approval of Class Action Settlement will be granted. The appropriate order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

MELANIE A. KLINGENSMITH )
and BILLIE LEE SONTAG, )
individually and on behalf )
of all others similarly )
situated, )
)
        Plaintiffs, )
)
        v. )  Civil Action No. 07-1065
)
BP PRODUCTS NORTH AMERICA, )
INC., and DOES 1 through )
10, inclusive, )
)
        Defendants. )

O R D E R

Therefore, this 23ʳᵈ day of September, 2008, IT IS

HEREBY ORDERED that the Uncontested Motion for Preliminary

Approval of Class Action Settlement is [Doc. No. 24] is GRANTED

as follows:

All terms contained herein shall have the same meanings as

set forth in the class action settlement agreement executed by

the parties [Doc. No. 24 Exhibit 1].

    1. Class Certification. Civil Action No. 07-1065, styled

        Melanie A. Klingensmith and Billie Lee Sonntag v. BP

        Products North America, Inc., and Does 1 through 10,

        shall be maintained, for settlement purposes, as a

class action on behalf of the following class of plaintiffs:

all persons who received electronically printed receipts from certain specified BP branded Service Stations at the point of sale or transaction, in a transaction occurring between December 4, 2006 and September 30, 2007, wherein the receipt displayed (1) more than the last five digits of the person's credit card or debit card number, and/or (2) the expiration date of the person's credit card or debit card number.

With respect to the following cause of action:

Any claims for damages or injunctive relief alleging the truncation requirements of the Fair and Accurate Credit Transactions Act, 15 U.S.C. § 1681 <u>et seq.</u>, ("FACT") were violated at certain specified BP branded Service Stations between December 4, 2006 and September 30, 2007.

2. Class Representative and Class Counsel: Melanie A. Klingensmith and Billie Lee Sonntag are designated as class representatives and Carlson Lynch LTD, R. Bruce Carlson and Gary Lynch are designated as Class Counsel.

3. The certification of this class is conditioned on the final approval of the settlement and, in the event the settlement is not approved, the certification shall be vacated.

4. Exclusion: The notice to class members must inform them as to how they may exclude themselves from the class.

5. Proposed Settlement: The proposed settlement between the plaintiff class and the defendant appears, upon preliminary review, to be within the range of reasonableness and accordingly shall be submitted to

the class members for their consideration and for
hearing under Federal Rule of Civil Procedure 23(e).
The terms of the settlement are as follows:

Defendant will offer participating class members who
submit one or more credit or debit card receipts that
were issued during the class period and displays more
than the last five digits of the person's debit or
credit card numbers and/or the expiration date of the
person's credit or debit card $25.00 for each receipt
submitted up to a maximum of $100.00. Defendants will
offer to participating class members who do not submit
a receipt $5.00. Defendant will donate $5,000.00 to
charity. Defendant will pay class counsel a single
payment up to a maximum of $175,000.00 for attorneys'
fees and allowable litigation costs and expenses.
Defendant will also pay Melanie A. Klingensmith and
Billie Lee Sonntag $2,500.00 each for their services as
class representatives.

6. Notice: The court finds that the notice proposed by the
parties is the best practicable under the
circumstances. The parties will publish and post the
notice within forty-five (45) days consistent with the
terms of the settlement agreement.

7. Hearing: A hearing will be held before this court on
Tuesday, January 6, 2009 at 1:00 p.m. in Courtroom 3A,
3rd Floor, United States Courthouse, Pittsburgh,
Pennsylvania, to consider whether the settlement should
be given final approval by the court:

(a) Written objections by class members to the
proposed settlement will be considered if received
by the court and class counsel on or before
December 27, 2008;

(b) Any class member who wishes to opt-out of the proposed settlement must file a notice with both the court and class counsel on or before December 27, 2008;

(c) At the settlement hearing, class members may be heard orally in support of, or if they have timely submitted written objections, in opposition to the settlement;

(d) Class counsel and counsel for defendants should be prepared at the hearing to respond to objections filed by class members and to provide other information as appropriate, bearing on whether or not the settlement should be approved.

8. In the event that the Effective Date occurs, all class members will be deemed to have forever released and discharged the Released Claims. In the event that the Effective Date does not occur for any reason whatsoever, the settlement agreement shall be deemed null and void and shall have no effect whatsoever.

BY THE COURT:

_____, J.

cc:    All Counsel of Record